LEE H. HARRIS V. WILLIAM GIBSON, SR., *et al.*
No. 14,303.   (83 Pac. 1116.)

1. PARTNERSHIP — *Accounting.* Findings of a court were said to amount to a finding that there had been an accounting and settlement of a partnership estate.

2. ——— *Review of Findings of Fact.* The rule that this court will not disturb a finding made upon conflicting evidence applied.

Error from Douglas district court; CHARLES A. SMART, judge. Opinion filed March 10, 1906. Affirmed.

*R. E. Melvin,* for plaintiff in error.

*Bishop & Mitchell,* for defendants in error.

*Per Curiam:* This suit was brought in the district court of Douglas county by the plaintiff in error against the defendants in error for the dissolution of a copartnership and for an accounting between the partners, consisting of the plaintiff and defendants. The pleadings in evidence show that on or prior to the 5th day of May, 1902, the partnership consisted of the plaintiff, the defendant William Gibson and his son, Lucien Gibson, and the court found that on that day the copartnership was dissolved, and that shortly thereafter Lucien Gibson died, his only heirs being his widow and minor son, who are defendants with William Gibson in this suit. The court also found, in substance, that an accounting was had between the parties; at least it must be said that the findings of the court of the amount of property owned by the partnership and the amount of indebtedness against the partnership, and that each partner had withdrawn his entire capital invested therein, with the order of the court appointing a receiver, the sale of all the partnership property by the receiver under the orders

of the court, the confirmation of such sale, and the application of the proceeds to the payment of the debts, amounted to a finding that there had been an accounting and settlement of the partnership estate. While there is a conflict in the evidence, there is certainly sufficient evidence to sustain the findings and the judgment of the court; and we cannot weigh the evidence here.

The judgment is affirmed.